IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMIN MAZYCK, #238056, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-389-HFF-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN BROAD RIVER | ) | **REPORT AND RECOMMENDATION** |
| CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Jamin Mazyck ("Mazyck"), is an inmate at the South Carolina Department of Corrections serving a sentence of 25 years (concurrent) for voluntary manslaughter, first degree burglary, and assault and battery with intent to kill ("ABWIK"). Mazyck filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on February 18, 2010. Respondent filed a return and motion for summary judgment on July 13, 2010. Because Mazyck is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 14, 2010 advising him of his responsibility to respond to the motion for summary judgment. Mazyck filed a response on October 8, 2010.

**Background and Procedural History**

On January 20, 2004, Mazyck broke into his ex-girlfriend's residence, shot her new boyfriend to death, shot another person, and fled the scene. He was arrested shortly thereafter and charged with burglary, murder, and ABWIK. Mazyck was represented by Carl Grant, Esquire. On May 26, 2005,

Mazyck pled guilty to a reduced charge of voluntary manslaughter as well as the burglary and ABWIK indictments. The State recommended a sentencing "range between twenty and twenty five years." (App. 4). After hearing the facts, the Court sentenced Mazyck to twenty-five years imprisonment (concurrent) on each charge. (App. 31). Later, the Court reduced the ABWIK sentence to twenty years since the twenty-five year sentence exceeded the statutory maximum. (App. 100). Mazyck did not file a direct appeal.

Mazyck filed an application for post-conviction relief ("PCR") on April 1, 2006 (App. 33), followed by an amended application (App. 49). An evidentiary hearing was held on June 28, 2007. Mazyck was represented by James Shadd, Esquire. (App. 64). Mazyck as well as Mr. Grant testified. The PCR court issued an order of dismissal on September 7, 2007, addressing Mazyck's claims of ineffective assistance of counsel/involuntary guilty plea, denial of direct appeal, and allegation that the trial court lacked subject matter jurisdiction. (App. 198). Mazyck filed a *pro se* motion to alter or amend the judgment pursuant to state procedure. (Res.Mem., Ex. 2). The motion was denied by order of December 4, 2007. (Res.Mem., Ex. 5).

A Johnson[1] petition for writ of certiorari was filed through the South Carolina Commission on Indigent Defense raising the following question:

> Did the PCR court err in denying petitioner's PCR application when his guilty plea was not knowingly, intelligently, and voluntarily entered?

(Res.Mem., Ex. 6).

Mazyck filed a *pro se* brief raising an additional question:

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

> Did the PCR court err in ruling that counsel was not ineffective for failing to do any pretrial investigation that lead to erroneous advise, thus rendering the plea involuntary?

(Res.Mem., Ex. 7).

The Supreme Court of South Carolina denied the petition for writ of certiorari on October 7, 2009. (Res.Mem., Ex. 8). Mazyck filed a *pro se* petition for rehearing on October 22, 2009. (Res.Mem., Ex. 9). On that same date the Supreme Court received a "Motion to Amend PCR" (Res.Mem., Ex. 10) which is undated and is captioned as in the Court of Common Pleas for Orangeburg County. There is nothing in the record to show that the motion to amend the PCR was ever filed in the circuit court. The Supreme Court denied the petition for rehearing (Res.Mem., Ex. 11) and returned the Remittitur (Res.Mem., Ex. 12) on November 4, 2009.

## Grounds for Relief

In his amended petition, Mazyck reiterates and expands the grounds asserted in his original petition. The amended petition states the following grounds for relief:

**GROUND ONE**: Ineffective Assistance of Counsel

**SUPPORTING FACTS**:

> 1(A). Did the state court contrarily and unreasonably apply Strickland to counsel's ineffectiveness in failing to move for withdrawal of the plea based upon Fay v. Noia and Santebello v. New York .
>
> 1(B). Trial counsel ineffective for not acting to protect Petitioner's statutory rights, constitutional rights, and due process rights when trial counsel sentenced Petitioner to a term in excess of the statutory maximum.
>
> 1(C). Trial counsel ineffective for failing to conduct any independent investigation or a reasonable investigation into Petitioner's case and sentence.

3

1(D). Did the State court contrarily and unreasonably apply <u>Strickland</u> to counsel's ineffectiveness in affirmatively misadvising petitioner to plea to a constitutionally invalid plea agreement.

1(E). Did State court contrarily and unreasonably apply <u>Strickland</u> to counsel's ineffectiveness in not adequately investigating and examining the law and case law and facts pertinent to critical aspect of guilty plea's promised operation.

1(F). Did the State court contrarily and unreasonably apply <u>Strickland</u> to counsel's ineffectiveness in not informing the Petitioner of the "full consequences" "circumstances", and "ramifications" of his guilty plea agreement.

**GROUND TWO:** Involuntary, Unknowingly, and unintelligent Guilty Plea.

**SUPPORTING FACTS:**

2(A.) Petitioner was lied to and misinformed by counsel, the State and trial judge to obtain the guilty plea. Petitioner unknowingly, unintelligently and involuntarily pled guilty to an invalid plea agreement that does not perform its relied upon operation, trial court sentence petitioner in excess of statutory maximum.

**GROUND THREE:** Breach of Plea Agreement.

**SUPPORTING FACTS:**

3.(A). Did the PCR court err in analyzing Petitioner's <u>Santebello vs. New York</u> claims under the principles of Strickland vs. Washington thereby denying Petitioner a full and fair review of his constitutional claims.

**GROUND FOUR:** Due Process Violation.

**SUPPORTING FACTS:**

4.(A) Did the State courts deny Petitioner due process and a fair and full hearing, access to the courts within the meaning of the U.S. Constitution, by omitting Petitioner's testimony, objections, and assertions of constitutional rights at the second sentencing hearing

4

from the record of appeal thereby obstructing Petitioner from fully meeting and developing his burden of proof at the PCR hearing, thereby obstructing Petitioner from fully developing his writ of certiorari to the Supreme Court of South Carolina.

**GROUND FIVE:** Brady v. Maryland violation.

**SUPPORTING FACTS:**

5(A). Did the PCR court err in analyzing petitioner's Brady v. Maryland claim under the principles of Strickland v. Washington thereby denying Petitioner a full and fair review of his constitutional claim.

**GROUND SIX:** Denial of Direct Appeal.

**SUPPORTING FACTS:**

6(A). Did the state court contrarily and unreasonably apply Strickland in finding that Petitioner's counsel was not ineffective for failing to consult with Petitioner about an appeal?

### Discussion

**A. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate

review).” Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled.” Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. “(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.” Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). “When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).” Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner].” Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way” preventing him from timely filing. Pace, 544 U.S. at

418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Mazyck's conviction became final on June 6, 2005. He pled guilty on May 25, 2005, and failed to file an appeal within the 10 days proscribed under South Carolina law. Thus, Mazyck had one year, i.e., until June 5, 2006 to file his petition in this Court.

Mazyck filed his PCR on April 19, 2006. At that point 317 days of the statutory period for filing his habeas petition had lapsed. The statute of limitations was tolled until November 4, 2009, when the Supreme Court returned the Remittitur concluding the PCR process. Mazyck states that he delivered his petition to prison officials for mailing on February 15, 2010. (Petition, p. 15). However, the envelope in which it was received by this Court shows the delivery date to be February 16, 2010. Giving Mazyck the benefit of the doubt by using the earlier date, an additional 102 days of untolled time lapsed before "filing." The total days of untolled time between the date Mazyck's conviction became final and the filing of the present petition is 419 days. The undersigned, therefore, concludes that the present petition was not timely filed.[2]

**B. Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories

---

[2]Mazyck has not addressed the statute of limitations issue and does not contend that he is entitled to equitable tolling.

rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1.  **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction,

it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq.* A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

10

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2. Procedural Bypass[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of

---

[3] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[4] This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty

13

of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and

prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The only issues that were properly presented on appeal to the South Carolina Supreme Court were the claims contained in the Johnson petition and Mazyck's *pro se* brief. The Johnson petition asserted that counsel "was ineffective for not insuring that Mazyck had all of the accurate discovery information such as the final autopsy report, medical records, and EMS records." Mazyck's *pro se* brief asserted that "counsel was ineffective for failing to do any pretrial investigation." Therefore, the only grounds that are arguably exhausted and properly before this Court are grounds 1(C) and 1(E) listed above. All other grounds are procedurally barred.

**C. Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986).

15

In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267

(1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. In the context of a guilty plea, the petitioner

must show that a proper investigation would have resulted in evidence which would have changed the decision to plead guilty.

Mazyck testified at the PCR hearing concerning his attorney's failure to investigate the case to obtain access to various items of evidence. The PCR court found Mazyck's testimony to be not credible. Further, Mazyck failed to introduce any evidence at the PCR hearing other than his own testimony. He did not submit the final autopsy report, medical records, or EMS records. The PCR court applied the Strickland standard and concluded that Mazyck had not shown that his attorney was constitutionally deficient. Even if the present petition was not time barred, Mazyck could not show that the state court decision was "contrary to" or an "unreasonable application" of the Strickland standard.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                                          Joseph R. McCrorey
                                                          United States Magistrate Judge

Columbia, South Carolina

November 10, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).