

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMIN MAZYCK, #238056, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:10-389-HFF-JRM |
| | § | |
| WARDEN BROAD RIVER | § | |
| CORRECTIONAL INSTITUTION, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and that the petition be dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 12, 2010, and the Clerk of Court entered Petitioner's objections to the Report on December 6, 2010.

Petitioner objects to the Magistrate Judge's recommendation that the filing of his petition was untimely, arguing that he is entitled to equitable tolling. His basis for equitable tolling is that the State of South Carolina and other governmental agencies and officials have denied him access to certain transcripts, reports, and documents. He insists that their failure to provide him with these materials prevented him from filing a timely petition. Petitioner also takes issue with a few aspects of the Magistrate Judge's synopsis of the procedural history of his case. Finally, Petitioner challenges the Magistrate Judge's failure to consider the substantive grounds for his petition. The Court finds Petitioner's objections to be unavailing.

Equitable tolling is unjustified in Petitioner's case. Although "the AEDPA statute of limitations is subject to equitable tolling," the Fourth Circuit has noted that "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). For equitable tolling to apply, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* Petitioner's attempt to avail himself of equitable tolling fails because his alleged circumstances, assuming they could even be considered extraordinary, did not prevent him from filing a timely petition. To the contrary, filing his petition in a timely manner would have advanced his ability to obtain his requested documents. In any event, the inability to obtain the requested documents acted as no barrier to Petitioner's ability to file his petition in a timely manner, and as a result, equitable tolling is unavailable to him.

As for Petitioner's remaining objections, the Court has reviewed them, finds them to be without merit, and will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and that the petition be **DISMISSED** without an evidentiary hearing.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day of December, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.